```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

TIMOTHY McCLENON ASHFORD,        §
(TDCJ No. 01393974)              §
VS.                              §   CIVIL ACTION NO.4:06-CV-711-Y
                                 §
                                 §
MICHAEL S. BAGGETT, Detective,   §
City of Fort Worth               §
Police Department, et al.        §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
              and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
        (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se plaintiff and inmate Timothy McClenon Ashford's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and attachments thereto names as defendants Michael S. Baggett; Ralph Mendoza, police chief, City of Fort Worth, Texas; and the City of Fort Worth, Texas.(Compl. Style; § IV (B).) Attached to an October 12, 2006, "Notice," McClenon submitted an "Affidavit for Citizen's Complaint;" and on October 13, 2006, he submitted a second "Affidavit for Citizen's Complaint." Consistent with the obligation to interpret pro-se pleadings liberally, the Court will consider these documents as supplements to the complaint, and the clerk of Court will be directed to file them *nunc pro tunc* as of the date they were received by the clerk of Court.

Ashford alleges that in an August 2005 affidavit in support of an arrest warrant, Fort Worth police department detective Michael S. Baggett, swore that facts he presented were true and correct.

(Compl. § V; October 12, 2006, Supplemental Compl. at ¶¶ 1-2.) Upon Baggett's affidavit, a magistrate judge issued arrest warrant number 05F2184VC, under the authority of which Ashford was arrested and charged with aggravated robbery with a deadly weapon. Ashford recites that Baggett then testified to the grand jury in support of an indictment of him for such charge in case number 0991515. Ashford alleges that during trial before Texas's 372nd Judicial District Court in August 2006, however, Baggett acknowledged that his factual recitation "was not totally true and correct." Ashford claims that Baggett's "perjury" aided the district attorney's office in obtaining a conviction and sentence. (Compl. § V; Supplemental Compl. at ¶¶ 3-4.) As to Ralph Mendoza and the City of Fort Worth, Texas, Ashford alleges only that each was a supervisor of the operations of the Fort Worth Police Department, and responsible for the actions of the police department's employees. (Compl. § IV(B), attachment page.) In the second supplemental complaint, Ashford alleges that Assistant District Attorney Ronald W. Houseman presented witness testimony to the grand jury in support of the indictment, and conspired with another assistant district attorney to present testimony to the trial court, based upon Baggett's inaccurate factual information. (October 13, 2006, Supplemental Compl. at ¶¶ 3-4.) Ashford contends that such actions amount to obstruction of justice. Ashford was convicted of aggravated robbery in cause number 0991515D, and sentenced to thirty years. (Compl., attachment page.) He seeks the issuance of an "injunctive order of

2

to correction of detective [sic], and $800,000.00 in damages from the defendants as whole [sic]."  (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint as supplemented, the Court concludes that Ashford's claims must be dismissed.

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3

In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7] Although *Heck* involved a bar to claims for monetary damages, dismissal of a claim for injunctive relief may also be made pursuant to *Heck*.[8] The maturity of a § 1983 claim for monetary damages or injunctive relief therefore depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or imprisonment.[9]

Plaintiff Ashford challenges the validity of his arrest, indictment and conviction, and the actions taken by both police detective Baggett and the prosecuting attorneys. As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his conviction and incarceration, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he

---

[6] 512 U.S. 477 (1994).

[7] *Heck,* 512 U.S. at 486-87.

[8] *See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 526 U.S. 1151 (1999).

[9] *Heck,* 512 U.S. at 486-87.

has met one of the prerequisites to a § 1983 action set forth by the Supreme Court.  Plaintiff has not shown that his conviction has been invalidated by a state or federal court.[10]  As a result, Plaintiff's claims for monetary damages and injunctive relief are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

==The clerk of Court is directed to file *nunc pro tunc* the October 12, 2006, Affidavit for Citizen's Complaint, and the October 13, 2006, Affidavit for Citizen's Complaint, as supplements to the complaint.==

All of plaintiff Ashford's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[12]

SIGNED November 1, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10] Ashford has filed a notice of appeal to the Court of Appeals of Texas, Second District, in case number 02-06-0334-CR, but that appeal remains pending. *See* http//www.2ndcoa.courts.state.tx.us last visited on October 31, 2006.

[11] *See Heck*, 512 U.S. at 487-88; *see also* Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir.1996) (holding that "[a] § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

[12] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).